UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 JAN 27 P 1:44
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| BMG MUSIC, a New York general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; CAPITOL RECORDS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; UMG RECORDINGS, INC.; a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; and WARNER BROS. RECORDS INC., a Delaware corporation,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>DOES 1 - 2,<br><br>　　　　　　Defendants. | CIVIL ACTION NO. 05cv 10168 NG<br><br>RECEIPT #_____<br>AMOUNT $ 150.00<br>SUMMONS ISSUED 1<br>LOCAL RULE 4.1 _____<br>WAIVER FORM _____<br>MCF ISSUED _____<br>BY DPTY. CLK. M.P.<br>DATE 1/27/05<br><br>MAGISTRATE JUDGE RBC |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs assert the following claims against Defendants.

### JURISDICTION AND VENUE

1.　　This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

2.　　This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). Although the true identity of each Defendant is unknown to Plaintiffs at this time, on information and belief, each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of the copyright owner, disseminated over the Internet copyrighted works owned and/or controlled by the Plaintiffs. On information and belief, such illegal dissemination occurred in every jurisdiction in the United States, including this one. In addition, each Defendant uses an online service provider found in this District to access the Internet, which facilitated Defendants' infringing activities.

**PARTIES**

4. Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

5. Plaintiff Sony BMG Music Entertainment is a Delaware general partnership, with its principal place of business in the State of New York.

6. Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

7.  Plaintiff Virgin Records America, Inc. is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the State of New York.

8.  Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

9.  Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

10. Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

11. The true names and capacities of the Defendants are unknown to Plaintiffs at this time. Each Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address assigned to that Defendant by his or her online service provider on the date and time at which the infringing activity of each Defendant was observed. See Exhibit A. Plaintiffs believe that information obtained in discovery will lead to the identification of each Defendant's true name.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

12.     Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

13.     Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including, but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings").  Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to each Plaintiff as specified on each page of Exhibit A.

14.     Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

15.     Plaintiffs are informed and believe that each Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download, distribute to the public, and/or make available for distribution to others, certain of the Copyrighted Recordings.  Exhibit A identifies on a Defendant-by-Defendant basis (one Defendant per page) a list of copyrighted recordings that each Defendant has, without the permission or consent of Plaintiffs, downloaded, distributed to the public, and/or made available

for distribution to others. In doing so, each Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive rights under copyright. (In addition to the sound recordings listed for each Defendant on Exhibit A, Plaintiffs are informed and believe that each Defendant has, without the permission or consent of Plaintiffs, downloaded, distributed to the public, and/or made available for distribution to others additional sound recordings owned by or exclusively licensed to the Plaintiffs or Plaintiffs' affiliate record labels.)

16. Plaintiffs are informed and believe that the foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.

17. As a result of each Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against each Defendant for each infringement by the Defendant of each copyrighted recording. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

18. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiffs' copyrights, and ordering that each Defendant destroy all copies of copyrighted sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against each Defendant as follows:

1. For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.,* download) any of Plaintiffs' Recordings, to distribute (*i.e.,* upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2. For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3. For Plaintiffs' costs in this action.

4.  For Plaintiffs' reasonable attorneys' fees incurred herein.

5.  For such other and further relief as the Court may deem just and proper.

BMG MUSIC; SONY BMG MUSIC ENTERTAINMENT; CAPITOL RECORDS, INC.; VIRGIN RECORDS AMERICA, INC.; UMG RECORDINGS, INC.; ARISTA RECORDS LLC; and WARNER BROS. RECORDS INC.

By their attorneys,

DATED: _____1/26/05_____   By: _____/s/ Colin J. Zick_____
Colin J. Zick (BBO No. 556538)
Gabriel M. Helmer (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Phone: (617) 832-1000
Fax:    (617) 832-7000

Of Counsel:
Yvette Molinaro
MITCHELL SILBERBERG & KNUPP LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90064-1683
Phone: (310) 312-2000
Fax:    (310) 312-3100

7

**Exhibit A**

**Doe #1 (207.206.237.251 2004-12-18 07:14:34 (EST))**

| COPYRIGHT OWNER | ARTIST | RECORDING TITLE | ALBUM TITLE | SR# |
|---|---|---|---|---|
| UMG Recordings, Inc. | Live | Lightning Crashes | Throwing Copper | 187-926 |
| Capitol Records, Inc. | Marcy Playground | Sex and Candy | Marcy Playground | 240-954 |
| Sony BMG Music Entertainment | Incubus | I Miss You | Make Yourself | 278-818 |
| Warner Bros. Records Inc. | Green Day | Minority | Warning | 288-352 |
| Arista Records LLC | Adema | Freaking Out | Adema | 302-233 |
| UMG Recordings, Inc. | Guns N Roses | Paradise City | Appetite for Destruction | 85-358 |
| BMG Music | Eve 6 | Amphetamines | Horrorscope | 285-024 |
| Capitol Records, Inc. | Beastie Boys | Intergalactic | Hello Nasty | 277-731 |

**Exhibit A**

# Doe #2 (207.206.237.206 2004-12-05 22:19:11 (EST))

| COPYRIGHT OWNER | ARTIST | RECORDING TITLE | ALBUM TITLE | SR# |
|---|---|---|---|---|
| Virgin Records America, Inc. | Smashing Pumpkins | Zero | Mellon Collie and the Infinite Sadness | 183-904 |
| Sony BMG Music Entertainment | Pearl Jam | Corduroy | Vitalogy | 206-558 |
| Capitol Records, Inc. | Marcy Playground | Sex and Candy | Marcy Playground | 240-954 |
| Arista Records LLC | Alan Jackson | Gone Country | Who I Am | 202-090 |
| UMG Recordings, Inc. | Bloodhound Gang | The Bad Touch | Hooray For Boobies | 278-185 |
| UMG Recordings, Inc. | Live | The Dolphin's Cry | The Distance To Here | 271-726 |

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

FILED IN CLERK'S OFFICE

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

2005 JAN 27 P 1:44

U.S. DISTRICT COURT
DISTRICT OF MASS

**I. (a) PLAINTIFFS**
BMG MUSIC; SONY BMG MUSIC ENTERTAINMENT; CAPITOL RECORDS, INC.; VIRGIN RECORDS AMERICA, INC.; UMG RECORDINGS, INC.; ARISTA RECORDS LLC; and WARNER BROS. RECORDS INC.

**(b)** County of Residence of First Listed Plaintiff **NEW YORK, NEW YORK**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
COLIN J. ZICK (BBO No. 556538)    Phone: (617) 832-1000
GABRIEL M. HELMER (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600

**DEFENDANTS**
DOES 1-21
County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

05 CV 10168 NG

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an 'X' in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW 405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities- Employment | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities- Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
*17 U.S.C. § 501 et seq.*

Brief description of the cause: *copyright infringement*

**VII. REQUESTED IN COMPLAINT**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Statutory damages; injunction
CHECK YES only if demanded in complaint
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**    (See instructions)    SEE ATTACHMENT A
JUDGE _____    DOCKET NUMBER _____

DATE 1/26/05    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT# _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

FILED
IN CLERKS OFFICE

2005 JAN 27 P 1: 44

U.S. DISTRICT COURT
DISTRICT OF MASS.

### ATTACHMENT A

This lawsuit is related to the following cases pending or closed within the past two (2) years in the United States District Court for the District of Massachusetts, Eastern Division:

Capitol Records, Inc., et al. v. Alaujan, Lead Docket No. 03-11661 NG

London-Sire Records Inc., et al. v. Does, Docket No. 04-12434 NG

Interscope Records, et al. v. Does, Docket No. 04-12435 NG

Maverick Recording Company, et al. v. Doe, Docket No. 04-12436 NG

Atlantic Recording Corp., et al. v. Does, Docket No. 04-12437 NG

Capitol Records, Inc., et al. v. Doe, Docket No. 04-12438 NG

Loud Records, LLC et al. v. Does, Docket No. 04-12439 NG

05 CV 10168 NG

This lawsuit is also related to the following cases pending or closed within the past two (2) years in the United States District Court for the District of Massachusetts, Central Division:

Warner Bros. Records Inc., et al. v. Duteau, Docket No. 04-40165 FDS

Sony Music Entertainment Inc., et al. v. D'Mato, Docket No. 04-40166 FDS

Maverick Recording Company, et al. v. Hagerty, Docket No. 04-40167 FDS

Capitol Records, Inc., et al. v. Fitzpatrick, Docket No. 04-40168 FDS

Arista Records Inc., et al. v. Doe, Docket No. 04-CV-40240 FDS

This lawsuit is also related to the following cases pending or closed within the past two (2) years in the United States District Court for the District of Massachusetts, Western Division:

Motown Record Company, L.P., et al. v. Adams, Docket No. 04-30134 MAP

Arista Records Inc, et al. v. Skowyra, Docket No. 04-30135 MAP

Loud Records, LLC, et al. v. Thurston, Docket No. 04-30136 MAP

Arista Records Inc., et al. v. Aberdale, Docket No. 04-30164 MAP

Virgin Records America, Inc., et al. v. Doe, Docket No. 04-30223 MAP

Sony BMG Music Entertainment, et al. v. Doe, Docket No. 04-30224 MAP

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE

2005 JAN 27  P 1:44

U.S. DISTRICT COURT
DISTRICT OF MASS.

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _____

   BMG MUSIC v. DOES 1 - 2

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ____  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    X    II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ____  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ____  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ____  V.   150, 152, 153.

   05cv10168 NG

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   SEE ATTACHMENT A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES ☐         NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?  (SEE 28 USC §2403)

   YES ☐         NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES ☐         NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES ☐         NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES ☒         NO ☐

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       EASTERN DIVISION ☒      CENTRAL DIVISION ☐      WESTERN DIVISION ☐

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION ☐      CENTRAL DIVISION ☐      WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   COLIN J. ZICK (BBO No. 556538), GABRIEL M. HELMER (BBO No. 652640)

ADDRESS   FOLEY HOAG LLP, 155 Seaport Boulevard, Boston, MA 02210-2600

TELEPHONE NO. (617) 832-1000/fax (617) 832-7000

(Cover Sheet local.wpd-11/27/00)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

FILED
IN CLERKS OFFICE

2005 JAN 27 P 1:44

U.S. DISTRICT COURT
DISTRICT OF MASS.

## ATTACHMENT A

This lawsuit is related to the following cases pending or closed within the past two (2) years in the United States District Court for the District of Massachusetts, Eastern Division:

    Capitol Records, Inc., et al. v. Alaujan, Lead Docket No. 03-11661 NG

    London-Sire Records Inc., et al. v. Does, Docket No. 04-12434 NG

    Interscope Records, et al. v. Does, Docket No. 04-12435 NG

    Maverick Recording Company, et al. v. Doe, Docket No. 04-12436 NG

    Atlantic Recording Corp., et al. v. Does, Docket No. 04-12437 NG

    Capitol Records, Inc., et al. v. Doe, Docket No. 04-12438 NG

    Loud Records, LLC et al. v. Does, Docket No. 04-12439 NG

This lawsuit is also related to the following cases pending or closed within the past two (2) years in the United States District Court for the District of Massachusetts, Central Division:

05CV10168 NG

    Warner Bros. Records Inc., et al. v. Duteau, Docket No. 04-40165 FDS

    Sony Music Entertainment Inc., et al. v. D'Mato, Docket No. 04-40166 FDS

    Maverick Recording Company, et al. v. Hagerty, Docket No. 04-40167 FDS

    Capitol Records, Inc., et al. v. Fitzpatrick, Docket No. 04-40168 FDS

    Arista Records Inc., et al. v. Doe, Docket No. 04-CV-40240 FDS

This lawsuit is also related to the following cases pending or closed within the past two (2) years in the United States District Court for the District of Massachusetts, Western Division:

    Motown Record Company, L.P., et al. v. Adams, Docket No. 04-30134 MAP

    Arista Records Inc, et al. v. Skowyra, Docket No. 04-30135 MAP

    Loud Records, LLC, et al. v. Thurston, Docket No. 04-30136 MAP

    Arista Records Inc., et al. v. Aberdale, Docket No. 04-30164 MAP

    Virgin Records America, Inc., et al. v. Doe, Docket No. 04-30223 MAP

    Sony BMG Music Entertainment, et al. v. Doe, Docket No. 04-30224 MAP